UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATIONAL FIRE INSURANCE COMPANY                                        PLAINTIFFS
OF HARTFORD;
VALLEY FORGE INSURANCE COMPANY;
and AMERICAN CASUALTY COMPANY
OF READING, PENNSYLVANIA,

v.                                                                CIVIL ACTION NO. 3:15-CV-00577-CRS

KOSAIR CHARITIES COMMITTEE, INC.;                                      DEFENDANTS
RANDY COE;
EXECUTIVE RISK INDEMNITY, INC.;
NORTON HEALTHCARE, INC.; and
CHILDREN'S HOSPITAL FOUNDATION

Memorandum Opinion

I.     Introduction

National Fire Insurance Company of Hartford, Valley Forge Insurance Company, and American Casualty Company of Reading, Pennsylvania (together, the "CNA Insurers") filed this declaratory judgment action.  See 1st Am. Pet. Decl. J. 1 – 2, ECF No. 17.  The CNA Insurers seek a determination that they do not owe liability coverage to Kosair Charities Committee, Inc. and Randy Coe to defend a counterclaim in the underlying state court litigation.  See id.[1]

The CNA Insurers named Executive Risk Indemnity ("Executive Risk") as a potential necessary party and defendant.  1st Am. Pet. Decl. J. ¶ 10.  Executive Risk answered the CNA Insurers' petition.  Def.'s Answer & Countercl., ECF No. 29.  The CNA Insurers move to strike Executive Risk's affirmative defenses three through thirteen.  Def.'s Mot. Strike 4, ECF No. 34.

For the reasons below, the Court will deny the motion to strike.

---

[1] Kosair Charities Committee, Inc. sued Norton Healthcare, Inc. and Norton Hospital in state court alleging breach of contract, *inter alia*.  State Ct. Compl. 2, ECF No. 1-1.  Norton Healthcare counterclaimed against Kosair Charities and Randy Coe.  State Ct. Answer & Countercl. 1 – 2, ECF No. 1-2.

1

II.     Legal Standard

Federal Rule of Civil Procedure 12(f) says that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The court of appeals has said, "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Rule 12(f) motions are "viewed with disfavor by the federal courts and are infrequently granted." 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

III.    Application

The CNA Insurers argue that affirmative defenses three through thirteen are "immaterial and unresponsive" to the First Amended Petition. Def.'s Mot. Strike 3. The CNA Insurers argue the affirmative defenses are inappropriate because "the CNA Insurers' pleading did <u>not</u> seek any declaration regarding coverage under [Executive Risk's] policy." Def.'s Reply Supp. Mot. Strike 2.

Executive Risk argues, "To the contrary, the affirmative defenses raise matters essential to this action—specifically, whether covered is owed under the [Executive Risk] Policy." Def.'s Mem. 4.

In general, affirmative defenses three through thirteen assert that Executive Risk does not owe general liability coverage for the underlying litigation. *See* Def.'s Answer 24 – 26. While the First Amended Petition did not seek any declaration regarding Executive Risk's general

liability policy, the CNA Insurers have not shown at this time that affirmative defenses three through thirteen have "no possible relation to the controversy." *Brown & Williamson*, 201 F.2d at 822.

    IV.    <u>Conclusion</u>

    The Court will deny the motion to strike. The Court will enter an order in accordance with this opinion.

March 4, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**