UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATIONAL FIRE INSURANCE COMPANY                  PLAINTIFFS
OF HARTFORD, et al.

v.                          CIVIL ACTION NO. 3:15-CV-00577-CRS

KOSAIR CHARITIES COMMITTEE, INC., et al.                  DEFENDANTS

Memorandum Opinion

I.      Introduction

National Fire Insurance Company of Hartford, Valley Forge Insurance Company, and American Casualty Company of Reading, Pennsylvania (together, the "CNA Insurers") filed this declaratory judgment action. *See* 1st Am. Pet. Decl. J. 1 – 2, ECF No. 17. The CNA Insurers seek a declaration that they do not owe a duty to Kosair Charities Committee, Inc. ("Kosair Charities") and its president, Randy Coe, to defend or indemnify a state court counterclaim. *See id.*

The CNA Insurers move for summary judgment. For the reasons below, the Court will grant summary judgment to the CNA Insurers on Count I.

II.     Summary judgment standard

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* The Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

1

### III. The underlying lawsuit, liability and umbrella policies, and petition for declaratory judgment

#### A. The underlying lawsuit

At its core, the underlying state court litigation is a contract dispute between Norton Healthcare, Inc. ("Norton Healthcare") and Kosair Charities over funding for Kosair Children's Hospital, a pediatric hospital located in downtown Louisville. Norton Healthcare operates Kosair Children's Hospital, and Kosair Charities donates charitable contributions to support Kosair Children's Hospital.

In the underlying state court litigation, Kosair Charities sued Norton Healthcare, among others, alleging breach of contract, *inter alia*. State Ct. Compl. 2, ECF No. 1-1. Norton Healthcare and its fundraising arm, the Children's Hospital Foundation, counterclaimed against Kosair Charities and Randy Coe, among others. *See* Restated 2nd Am. Countercl. ("Norton Countercl."), ECF No. 49-1. The Court will refer to Norton's "Restated Second Amended Counterclaim" in state court as the "Norton Counterclaim."

The formal causes of action in the Norton Counterclaim against Kosair Charities include three claims for breach of contract, breach of fiduciary duty, unlawful business practice, intentional interference with gift, unjust enrichment, declaratory and injunctive relief, and repudiation of contracts. *Id.* at 31 – 41. The Norton Counterclaim alleges that Coe committed breach of fiduciary duty. *Id.* at 35 – 36.

#### B. The Liability and Umbrella Policies

National Fire Insurance Company of Hartford ("National Fire") issued three general liability policies to Kosair Charities for June 30, 2011 to June 30, 2014. Valley Forge Insurance Company ("Valley Forge") issued a general liability policy to Kosair Charities for June 30, 2014

2

to June 30, 2015. The Court will refer to the National Fire policies and the Valley Forge policy as the "Liability Policies."

1. The Liability Policies

The Liability Policies incorporate Commercial General Liability Coverage Forms.[1]

Under the heading "**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**," the Liability Policies say:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of personal and advertising injury to which this insurance applies. We will have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for personal and advertising injury to which this insurance does not apply.

Nat'l Fire Pol'cies 5, ECF No. 49-2; Valley Forge Pol'y 6, ECF No. 49-3.[2]

The Liability Policies define "personal and advertising injury" as: "injury ... arising out of one or more of the following offenses":

> (d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services; …
> (f) The use of another's advertising idea in your advertisement; or
> (g) Infringing upon another's copyright, trade dress or slogan in your advertisement.

Nat'l Fire Pol'cies 13; Valley Forge Pol'y 15. "Suit" is "a civil proceeding in which damages because of ... personal and advertising injury to which this insurance applies are alleged." Nat'l Fire Pol'cies 13 – 14; Valley Forge Pol'y 16.

The Liability Policies provide the following exclusions:

---

[1] The National Fire policy incorporates Commercial General Liability Form 00 01 12 07. The Valley Forge policy incorporates Commercial General Liability Form 00 01 04 13. Although the Form numbers differ, the relevant provisions are the same, unless otherwise noted.

[2] For ease of reading, the Court has omitted the internal quotation marks that appear in the Liability Policies and Umbrella Policies.

3

      a.      **Knowing Violation Of Rights Of Another**

Personal and advertising injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury.

      b.      **Material Published With Knowledge Of Falsity**

Personal and adverting injury arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

…

      f.      **Breach Of Contract**

Personal and advertising injury arising out of a breach of contract, except an implied contract to use another's advertising idea in your advertisement.

Nat'l Fire Pol'cies 5; Valley Forge Pol'y 6.[3] "Advertisement" is "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." Nat'l Fire Pol'cies 11; Valley Forge Pol'y 13.

      2.   <u>The Umbrella Policies</u>

American Casualty Company of Reading, Pennsylvania issued four commercial umbrella policies to Kosair Charities for the policy period June 30, 2011 to June 30, 2015 (the "Umbrella Policies"). The Umbrella Policies incorporate the Commercial Umbrella Plus Coverage Part Form, which provides:

      **1. Insuring Agreement**

---

[3] The Valley Forge policy's knowledge of falsity exclusion differs slightly from the National Fire Policies. *Compare*, Valley Forge Pol'y 6 ("Personal and advertising injury arising out of oral or written publication, *in any manner, of material,* if done by or at the direction of the insured with knowledge of its falsity.") (emphasis added) *with* Nat'l Fire Pol'y 5 ("Personal and advertising injury arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity."). No party has argued that the different language in the Valley Forge Policy's knowledge of falsity exclusion matters.

4

> We will pay on behalf of the insured those sums in excess of scheduled underlying insurance, unscheduled underlying insurance or the retained limit that the insured becomes legally obligated to pay as ultimate net loss because of bodily injury, property damage or personal and advertising injury to which this insurance applies.
>
> d. This insurance applies to personal and advertising injury caused by an incident committed anywhere in the world during the policy period.

Umbrella Pol'cies 1, ECF No. 49-4. The Umbrella Policies define "incident" as, "With respect to personal and advertising injury, incident means an offense arising out of your business." *Id.* The Umbrella Policies define "personal and advertising injury" the same as the Liabilities Policies, adding an additional offense of "Discrimination, unless such insurance is prohibited by law." *Id.* at 12.

The Umbrella Policies provide the following exclusions:

> **c. Personal and advertising injury Exclusions**
>
> Personal and advertising injury:
>
> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury;
> (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;
> …
> (5) Arising out of a breach of contract, except an implied contract to use another's advertising idea in your advertisement;

*Id.* at 2.

### C. The CNA Insurers' petition for declaratory judgment

The CNA Insurers sued Executive Risk Indemnity, Inc. ("Executive Risk"), Coe, and Kosair Charities in this declaratory judgment action.[4] The CNA Insurers move for summary

---

[4] Norton Healthcare and the Children's Hospital Foundation are named defendants in the CNA Insurers' petition for declaratory judgment. However, the CNA Insurers do not otherwise seek relief from Norton Healthcare or the Children's Hospital Foundation. Stipulation ¶ 3, ECF No. 47. Norton Healthcare and the Children's Hospital Foundation stipulated that they will be

5

judgment on all counts. Mot. Summ. J., ECF No. 48. Executive Risk filed a response in opposition, which Coe and Kosair Charities joined. Def.'s Resp. Opp. Mot. Summ. J., ECF No. 59. Notice of Joinder, ECF No. 60.[5]

IV. Discussion

A. Choice of law

The CNA Insurers, Executive Risk, Kosair Charities, and Coe agree that Kentucky law governs this coverage dispute. Pls.' Mem. Supp. Mot. Summ. J. 15, ECF No. 48-1; Def.'s Resp. Opp. 6; Notice of Joinder.

B. Kentucky law on the duty to defend and coverage exclusions

Interpretation of an insurance contract is a question of law. *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. Ct. App. 2000). An "insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage terms of the insurance policy." *Aetna Cas. & Sur. Co. v. Commonwealth*, 179 S.W.3d 830, 841 (Ky. 2005); *accord*, *Pizza Magia Int'l, LLC v. Assurance Co. of America*, 447 F.Supp.2d 766 (W.D. Ky. 2006). The Court should interpret the policy reasonably consistent with its plain meaning and language and resolve ambiguities in favor of the insured. *Ky. Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 630 (Ky. 2005).

"Kentucky law mandates that exclusions in insurance policies should be narrowly construed as to effectuate insurance coverage." *Aetna Cas. & Sur. Co.*, 179 S.W.3d at 840. "When the terms of an insurance contract are unambiguous and not unreasonable, they will be

---

bound by any declaratory judgment entered by the Court regarding whether the CNA Insurers have a duty to defend the Norton Counterclaim. *Id.* ¶ 6.

[5] Although the heading to Executive Risk's response brief includes the phrase "Cross-Motion for Summary Judgment," Executive Risk provided argument only in response to the motion for summary judgment and did not argue affirmatively for judgment in its favor.

enforced." *McClendon*, 157 S.W.3d at 630. "If there is no duty to defend, then there is no duty to indemnify because the duty to defend is broader." *Nautilus Ins. Co. v. Structure Builders & Riggers Machinery Moving Div., LLC*, 784 F.Supp.2d 767, 771 (E.D. Ky. 2011); *accord*, *National Union Fire Ins. Co. of Pittsburgh, Pa. v. United Catalysts, Inc.*, 182 F.Supp.2d 608, 610 (W.D. Ky. 2002).

C. Count I of the CNA Insurers' petition for declaratory judgment

Count I of the CNA Insurers' petition for declaratory judgment seeks a declaration that "The CNA Insurers do not owe any duty to defend or indemnify KCC and/or Mr. Coe for those claims asserted by Norton and the Foundation which do not seek damages for 'personal and advertising injury.'" 1st Am. Pet. Decl. J. ¶ 65.

Executive Risk argues that the Norton Counterclaim alleges "personal and advertising injury" sufficient to find that the CNA Insurers have a duty to defend. Def.'s Resp. Opp. 7. The Norton Counterclaim's Preliminary Statement begins by alleging that Kosair Charities "is committing fraud on the larger Louisville community." Norton Countercl. ¶ 1. The Norton Counterclaim alleges that Kosair Charities made "knowingly false, misleading, and defamatory" statements. *Id.* ¶ 102; *see also, id.* ¶ 100 ("On and subsequent to May 9, 2014, [Kosair Charities] has further sought to damage Norton and [Kosair Children's Hospital] by broadcasting its false and unsubstantiated accusations about Norton's financial practices.").

The CNA Insurers argue that they do not owe coverage for personal and advertising injury liability because the formally plead causes of action in the Norton Counterclaim do not seek "damages for 'personal and advertising injury.'" Pls.' Mem. 16. The Court agrees.

Although the Norton Counterclaim refers to alleged defamatory statements by Kosair Charities, the allegations that Kosair Charities made false and defamatory statements are part of

7

the Norton Counterclaim's larger story. The larger story in the Norton Counterclaim centers on the eroding relationship between Kosair Charities and Norton Healthcare in the last decade. *See, e.g.*, Norton Countercl. ¶ 46 (alleging that the relationship between Kosair Charities and Norton Healthcare was "harmonious" for about thirty years, but in 2012, Kosair Charities became "envious" of the Children's Hospital Foundation's success in raising money for Kosair Children's Hospital). The alleged defamatory statements by Kosair Charities provide context to that larger story, but they do not form the basis of Norton Healthcare's claims against Kosair Charities.

The formal causes of action asserted against Kosair Charities in the Norton Counterclaim include three breach of contract claims, breach of fiduciary duty, unlawful business practice, intentional interference with gift, unjust enrichment, declaratory judgment, and repudiation of contracts. *Id.* at 31 – 41. The cause of action asserted against Coe in the Norton Counterclaim is breach of fiduciary duty. *Id.* at 35 – 36. None of these causes of action seek "damages for 'personal and advertising injury'" as defined in the Liability Policies or the Umbrella Policies. Although the Norton Counterclaim includes references to alleged defamatory statements made by Kosair Charities, the Norton Counterclaim asserts no formal cause of action for defamation against Kosair Charities or Coe. Rather, the damages sought in the Norton Counterclaim arise from its various breach of contract, breach of fiduciary duty, and related claims.

The Court finds that the CNA Insurers owe no duty to defend or indemnify Kosair Charities or Coe for the Norton Counterclaim because the Norton Counterclaim does not seek damages for personal and advertising injury. Having found that no duty to defend or indemnify exists, Counts II, III, and IV, which seek declarations that certain exclusions preclude coverage even if a duty to defend exists, are moot.

8

The Court will grant summary judgment to the CNA Insurers on Count I of the amended petition for declaratory judgment.

V.    Conclusion

The Court will enter a declaratory judgment in favor of the CNA Insurers on Count I of the amended petition for declaratory judgment. The Court will declare that the CNA Insurers do not owe any duty to defend or indemnify Kosair Charities or Coe for the Norton Counterclaim.

The Court will deny as moot the motion for summary judgment as to Counts II, III, and IV of the amended petition for declaratory judgment. The Court will dismiss the CNA Insurers' amended petition for declaratory judgment, with prejudice.

May 4, 2016

Charles R. Simpson III, Senior Judge
United States District Court

9